UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. |
| v. | * | SECTION: " " 16-55 "B" |
| DARRYL B. STEWART | * | |

\* \* \*

## FACTUAL BASIS

The defendant, **DARRYL B. STEWART** (hereinafter, the "defendant" or "**STEWART**"), has agreed to plead guilty as charged to the Bill of Information now pending against him, charging him with theft of government funds, in violation of Title 18, United States Code, Section 641. Both the Government and the defendant, **STEWART**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Bill of Information now pending against the defendant:

The Government would show, through the testimony of special agents with the Federal Bureau of Investigation (FBI) that the United States Department of Justice is, and was, at the time of the offense, an agency or department of the United States.

At all times material herein, **STEWART** was the Narcotics Unit Supervisor for the Terrebonne Parish Sheriff's Office (TPSO), and also served as the Program Director, from 2009 – 2012, for the TPSO Federal Narcotics grants to include the Edward Byrne Memorial Justice Assistance Grant Program and the Department of Justice Equitable Sharing Agreement

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
___ Doc. No.___

supporting the Drug Enforcement Administration. The Edward Bryne Memorial Justice Assistance Grant Program provided federal funds for personnel overtime and equipment supporting a Multi-Jurisdictional Narcotics Task Force. The stated intent of the two federal grants was for the payment and support of law enforcement activities actually performed by the officers in the form of overtime pay when used to curtail narcotic drug activity. Both funds originated from the United States Department of Justice. TPSO received the Edward Bryne Memorial Justice Assistance Grant funds through the Louisiana Commission of Law Enforcement (LCLE) generally on a quarterly basis by mailed checks. LCLE provided $43,000 in 2011 and $40,038 in 2012 in federal funds to TPSO. As Program Director, **STEWART** was responsible and certified that all grant funds were used for the purposes set forth in the grant application. TPSO also received and executed $230,349.12 in federal funds in 2011 from the Department of Justice Equitable Sharing Agreement for personnel overtime and equipment.

The Government would introduce evidence that from 2009 through 2012, **STEWART** claimed and approved his own overtime from the grants, with no additional oversight. **STEWART** submitted his own overtime timesheets directly to TPSO payroll for processing. The TPSO Sheriff, during the time in question, was not aware and did not authorize **STEWART** to approve his own overtime. According to the TPSO Narcotics Grant coordinator, the TPSO would initially charge narcotics overtime to the Byrne Grant until the funds were exhausted, and then charge subsequent narcotics overtime to the Equitable Sharing Agreement. **STEWART's** overtime hours and payments are listed below:

| YEAR | HOURS | PER WEEK | AMOUNT |
|---|---|---|---|
| 2011 | 1036.5 | 19.9 | $25,912.50 |
| 2012 | 535 | 10 | $13,375.00 |

In addition, **STEWART** also worked private security details as listed below:

| YEAR | HOURS | PER WEEK |
|------|-------|----------|
|      |       |          |
| 2011 | 704   | 13.5     |
| 2012 | 814   | 15.6     |

The Government would show by both documentary evidence and testimony that based on overtime records and private security detail records provided by TPSO, **STEWART** knowingly and fraudulently claimed federal grant overtime for time periods that he also claimed and was reimbursed for private security detail work. **STEWART** also knowingly and fraudulently claimed federal grant overtime for time periods that he did not physically work as he was not a "street" officer but more of an office supervisor during the relevant time periods. The FBI uncovered numerous instances where the only person who billed for law enforcement overtime time on the federal grants on a particular day was **STEWART**, who did not participate in any law enforcement duties on that day, and this was not the intent of the federal grants.

The Government would further establish that the total amount of funds originating from the United States Department of Justice that were improperly received by **STEWART** totaled $15,925.00 ($8,450 from April – December 2011; $7,475 from January – June 2012). These losses are only representative of situations where **STEWART** worked both a private detail at the same time that he claimed to be working on a law enforcement federal grant and where **STEWART** was the only person claiming time on a federal grant but did not actually work on the said grant.

3

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from Special Agents from Federal Bureau of Investigation, Terrebonne Parish Sheriff's Office business records, and witnesses with knowledge of the facts set forth above.

_____  6/1/16
DARRYL B. STEWART    (Date)
Defendant

_____  6/1/16
PATRICK FANNING    (Date)
Attorney for Defendant Stewart

_____  5/31/16
EDWARD J. RIVERA    (Date)
Assistant United States Attorney